IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON, KENTUCKY

Eastern District of Kentucky
FILED
JUN 28 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

| | | |
|---|---|---|
| Stephen W. Logan | ) | |
| | ) | |
| Plaintiff | ) | No.: 05-CV-129 |
| v. | ) | |
| | ) | **WILLIAM O. BERTELSMAN** |
| CSX Transportation, Inc. | ) | Trial by Jury Demanded |
| | ) | |
| Defendant | ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, Stephen W. Logan, by and through his attorney James T. Foley and Hoey & Farina and for his complaint against the Defendant CSX Transportation, Inc., states as follows:

### COUNT I – FELA

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers Liability act, 45 U.S.C. § et. seq.

3. On June 29, 2002, and at all pertinent times, Defendant, CSX Transportation, Inc., was a railroad corporation doing business in the State of Ohio.

4. On June 29, 2002, and at all pertinent times, Defendant CSX Transportation owned and operated a railroad in interstate commerce.

5. On June 29, 2002, and at all pertinent times, Plaintiff, Stephen W. Logan was a resident of Covington, Kenton County, Kentucky.

6. On June 29, 2002, and at all pertinent times, Plaintiff was employed by Defendant CSX Transportation as a Locomotive Engineer.

7. On June 29, 2002, and at all pertinent times, Defendant CSX Transportation, owned, managed, maintained, and used as a portion of its railroad system, a facility known as R-Yard, Southeast, Queensgate Yard, Cincinnati, Ohio.

8. On June 29, 2002, and at all pertinent times, Plaintiff was performing work for Defendant in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

9. In the course of his duties as a locomotive engineer on June 29, 2002, Plaintiff was required to work Job Y13629, which consisted of Engine set 2415 and 1055, with 1055 being an engine slug.

10. On June 29, 2002, while Plaintiff was in the process of operating the train, at approximately 8:30 a.m., at or near milepost OKC110, R-Yard S/E Queensgate Yard, Plaintiff walked back on the catwalk of Unit 2415 to observe the drawbar on a cut of cars, Plaintiff attempted to dismount slug 1055 and while in the process of descending the steps on 1055, a portion of the step on the locomotive engine gave way, causing Plaintiff's left foot and leg to slip out from under him, resulting in serious and permanent injury to his left knee and body.

11. As a result of being caused to slip and loose footing on the steps of the locomotive slug 1055, the Plaintiff was seriously injured.

12. It was the continuing duty of the Defendant, as the Plaintiff's employer, at the time and place in question to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe equipment.

13. In violation of its duty, Defendant negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

a) Carelessly and negligently permitted a defective locomotive engine to be used in the train consist;

b) Carelessly and negligently permitted locomotive slug 1055 to be part of the consist when the railroad had actual knowledge of the locomotive's defects;

c) Failed to properly inspect its locomotive and slug;

d) Failed to properly inspect, maintain, clean, repair and update its work areas and equipment used by its employees so that the same because hazardous to its employees;

e) Failed to ensure that the system and components on its locomotive were free of conditions that endangered the safety of the crew in violation of 49 CFR § 231.

f) Otherwise failed to exercise ordinary care to provide Plaintiff with a safe place to work.

14. Defendant's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

15. As a consequence, Plaintiff, Stephen W. Logan, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical hospital and related expenses in the future.

WHEREFORE, Plaintiff, Stephen W. Logan, demands judgment in his favor and against Defendant, CSX Transportation, in a sum of $1,000,000.00, plus the costs of this suit.

## COUNT II – BOILER INSPECTION ACT

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 56 and Title 28 U.S. Code § 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. § 51 et. seq. and the Boiler Inspection Act, (also referred to as the Locomotive Inspection Act), 45 U.S.C. § 22 et. seq.

3-12. Plaintiff, Stephen W. Logan, realleges paragraphs 3-12 of Count I and incorporates them herein by reference.

14. Pursuant to 45 U.S.C. § 23, commonly known as the Boiler Inspection Act (also referred to as the Locomotive Inspection Act), the Defendant railroad was under an absolute duty to maintain its locomotives in safe and proper condition; an absolute duty to keep all the parts and appurtenances of its locomotives in proper condition and safe to operate without unnecessary peril to life or limb; and an absolute duty to comply with the regulations promulgated by the Federal Railroad Administration.

15. In violation of its duties, the Defendant, CSX Transportation, Inc., committed one or more of the following unlawful acts or omissions:

a) Failed to provide Plaintiff with a safe place to work;

b) Failed to provide Plaintiff with a locomotive with all parts and appurtenances, in proper condition and safe to operate without unnecessary peril to life or limb;

c) Failed to comply with its absolute duty to have all parts and appurtenances of its locomotives in proper condition and safe to operate without unnecessary peril to life or limb in violation of the Locomotive Inspection Act;

d) Used on its line locomotives which were not in proper condition and safe to operate in the service to which they were put, without unnecessary peril to life or limb in violation of 49 C.F.R. 229.7;

e) Used on its line a locomotive without safe and efficient steps and ladders in violation of 49 C.F.R. 229.119(c).

f) Otherwise failed to exercise ordinary care to provide Plaintiff with a safe, proper and efficient locomotive.

16. As a consequence, Plaintiff, Stephen W. Logan, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical hospital and related expenses in the future.

WHEREFORE, Plaintiff, Stephen W. Logan, prays for judgment against Defendant, CSX Transportation, in a sum of $1,500,000.00, plus the costs of this suit.

### COUNT III – SAFETY APPLIANCE ACT

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 56 and Title 28 U.S. Code § 1331.

3. This action arises under, and the rights and liabilities of the parties to this cause are, governed by the Federal Employers' Liability Act 45 U.S.C. § et. seq. and the Safety Appliance Act 45 U.S.C. § 1 et. seq.

3-12. Plaintiff, Stephen W. Logan, realleges paragraphs 3-12 of Count I and incorporates them herein by reference.

13. Pursuant to 45 U.S.C. § 4, the Defendant railroad was under an absolute duty to maintain its cars in safe and proper condition; an absolute duty to provide secure grab irons and hand holds in the sides of its cars along with safe and proper steps and ladders, and an absolute duty to comply with the regulations promulgated by the Federal Railroad Administration.

14. Defendant's violations of its duties, set forth in paragraph 13, caused, in whole or in part, Plaintiff's injuries.

17. As a consequence, Plaintiff, Stephen W. Logan, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result Plaintiff has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical hospital and related expenses in the future.

18. Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, Stephen W. Logan, prays for judgment against Defendant, CSX Transportation, in a sum of $1,000,000.00, plus the costs of this suit.

Respectfully submitted,

Stephen W. Logan

By: *James T. Foley* (signature)
James T. Foley

Hoey & Farina
542 South Dearborn Street, Suite 200
Chicago, IL 60605
(312) 939-1212